IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AURELIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00709-BL |
| | ) | |
| NEWREZ LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Aurelia Johnson initiated this action on July 31, 2025. (Doc. 1-1 at 2). On September 5, 2025, the Defendants removed the action to this court. (Doc. 1). The Plaintiff filed an amended complaint on October 10, 2025. (Doc. 21). The Defendants filed a motion to dismiss on October 24, 2025 (doc. 22), which the court construed as a motion for summary judgment on October 29, 2025. (Doc. 24). The Plaintiff has filed two motions for injunctive relief. (Docs. 28 & 39). On July 27, 2026, the Magistrate Judge recommended that the court deny the Defendants' motion for summary judgment in part and grant it in part; dismiss Defendant Newrez LLC; and deny the Plaintiff's two motions. (Doc. 51). The Plaintiff and Defendant HomeBridge Financial Services, LLC filed objections to the recommendation. (Docs. 55 & 57).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

## I. Count I – Real Estate Settlement Procedures Act ("RESPA")

The Magistrate Judge concluded in her recommendation that Count I should be dismissed with prejudice because the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), is inapplicable to home equity lines of credit such as the one at the center of this case. (Doc. 51 at 13). In her objections, the Plaintiff agrees with the Magistrate Judge and requests leave to amend Count I to assert a different claim, under the Truth in Lending Act, 15 U.S.C. § 1601. (Doc. 57).

The Plaintiff's request suffers from two problems. First and most importantly, the Plaintiff never presented this argument to the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Moreover, the court has already afforded the Plaintiff one opportunity to amend her complaint. (*See* docs. 16 & 19); *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[B]efore dismissing a complaint, a district court must give a *pro se* party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim.") (quotation marks omitted). The court will overrule this objection and dismiss Count I with prejudice.

## II. Count II – Wrongful Foreclosure

In Alabama,

> A wrongful-foreclosure claim arises when "'a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor.'" *Jackson v. Wells Fargo Bank*, N.A., 90 So. 3d 168, 171 (Ala. 2012) (quoting *Reeves Cedarhurst Dev. Corp. v. First Am. Fed. Sav. & Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992)) (emphasis added). Improper purposes include using the power of sale to sell for "'"any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals,"'" *Paint Rock Props. v. Shewmake*, 393 So. 2d 982, 983-84 (Ala. 1981) (citations omitted). Those kinds of motivations constitute "'"fraud in the exercise of the power."'" *Id.* (citations omitted).

*Laborde v. Citizens Bank, N.A.*, 2025 WL 3684583 (Ala. Dec. 19, 2025).

The Magistrate Judge recommends that Count II be dismissed because "[a]lthough the record may support Plaintiff's subjective characterization of Defendants actions as 'unfair,' no evidence indicates the foreclosure served any purpose other than to secure the debt, which was indisputably in arrears at the time of foreclosure." (Doc. 51 at 15). In her objections, the Plaintiff argues that the dispute of fact as to whether the Defendants prevented the Plaintiff from making payments on the mortgage precludes summary judgment on this claim, citing *Laborde v. Citizens Bank, N.A.*, 2025 WL 3684583 (Ala. Dec. 19, 2025). According to the Plaintiff, the homeowners in *Laborde* adequately pleaded that the bank "exercised the power of sale for a purpose other than to secure the debt" by alleging that the bank frustrated their attempts to make payments. (Doc. 57 at 4). The Plaintiff asserts that she has produced "circumstantial evidence of improper purpose," specifically:

> • Defendants' servicing errors effectively prevented Plaintiff from making payments
> • Defendants assured Plaintiff the foreclosure was cancelled on March 18, 2025
> • Plaintiff relied on this assurance and dismissed her bankruptcy proceeding
> • Just seven days later, on March 25, 2025, Newrez advised Aldridge Pite to proceed with the foreclosure sale

(Doc. 57 at 5–6). In light of this evidence, the Plaintiff argues that the prevention doctrine makes the foreclosure wrongful: "If Defendants' own servicing errors

prevented Plaintiff from making payments, Defendants cannot use that non-payment as justification for foreclosure." (Doc. 57 at 6).

The Plaintiff's argument fails. She has not produced enough evidence from which a reasonable jury could conclude that Defendant HomeBridge acted with "ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals." If there was evidence that the Defendant intentionally refused to accept full and valid payments (like what was alleged in *Laborde*), there may have been enough to establish a wrongful foreclosure claim. But a jury could not infer from the Plaintiff's evidence as to the account-access error that the Defendant intentionally prevented her from making payments. Although the error may have created an unfair situation, there is no evidence of the intentionality required to prove ill motive or improper purpose. Thus, the court agrees with the Magistrate Judge's analysis on this issue and will overrule the Plaintiff's objection.

In a separate objection, the Plaintiff addresses the denial of her motions to set aside the foreclosure and reinstate the mortgage (docs. 28 & 39) and argues simply that those motions should prevail because her wrongful foreclosure claim should survive. (Doc. 57 at 10). In light of the conclusion above, the court will overrule this objection.

## III. Count III – Breach of Contract

The Magistrate Judge recommends allowing the Plaintiff's breach of contract claim against HomeBridge Financial Services, LLC, to proceed past summary judgment based on the Plaintiff's evidence showing that the Defendant prevented her performance under the mortgage contract. In its objections, Defendant HomeBridge points out that the Plaintiff was provided multiple ways to make mortgage payments, specifically:

> • Free automatic withdrawal from [her] bank account . . . .
> • Online . . . .
> • By phone . . . .
> • Using the payment coupon attached to [her] billing statement.

(Doc. 55 at 5). However, as the Magistrate Judge set forth, the alternative payment methods were not reliable and the Plaintiff's performance under the contract was frustrated because the Plaintiff was warned by the Defendant that any payments to her account may be misapplied so long as the account error persisted (*see* doc. 43-1). The Plaintiff's evidence shows that the Defendant "failed to correct the problem and provided [the Plaintiff] no alternative payment method that would ensure her payments were credited to her account." (Doc. 51 at 6).

In its objections, Defendant HomeBridge argues that the Plaintiff's evidence as to the unreliability of her payment methods is barred by the Statute of Frauds because it hinges on an oral statement. (Doc. 55 at 2–3). The crux of the Defendant's argument is that "the Statute of Frauds bars 'proof' of a oral [sic] promise to modify

a loan and any claim dependent on such a promise barred by the Statute of Frauds." (Doc. 55 at 4). In response to this, the Plaintiff states that the Defendant mischaracterizes her argument:

> The Plaintiff does not seek to enforce an oral modification, forbearance agreement, altered payment schedule, or other new loan term. The written HELOC remains the operative contract. Plaintiffs claim is straightforward: she was ready, willing, and able to perform under the written HELOC, but Defendants' servicing and account-access errors prevented her from doing so. The evidence Plaintiff relies upon does not constitute an alleged oral modification of the HELOC agreement in the first place.

(Doc. 56 at 2). The court agrees with the Plaintiff. The Defendant argues that the Plaintiff is attempting to prove an oral agreement between the parties to allow the Plaintiff to not make payments on the mortgage while the account-access error persisted. The statute of frauds bars the use of proof of an oral agreement to support a breach-of-contract claim, but the Plaintiff is not presenting proof of an oral agreement; she presents the Defendant's conduct as evidence that it prevented her performance under the HELOC agreement. The Plaintiff's evidence shows that her ability to make payments was frustrated because the online platform was malfunctioning and she was warned that her payments made by an alternative method may be misapplied. Although the Defendant is correct that the warning, as an oral statement, could not establish the existence of an agreement, the Defendant cites no authority suggesting that the oral statement cannot serve as evidence of the Defendant's interference in the Plaintiff's performance under the mortgage contract.

The Defendant also states that in "performance by payment cases, the critical question [for whether to apply the prevention doctrine] is whether a party refused payments"; and here, there was no refusal. (Doc. 55 at 5). However, "[w]hether interference by one party to a contract amounts to prevention so as to excuse performance by the other party and constitute a breach by the interfering party *is a question of fact to be decided by the jury under all of the proved facts and circumstances*." 13 Williston on Contracts § 39:3 (4th ed. May 2026 update) (emphasis added). The Defendant has cited no authority establishing that outright refusal of payment by one party is required to constitute interference with the other party's performance.

Finally, the Defendant asks that its motion for summary judgment on this claim be denied without prejudice to it being refiled. (Doc. 55 at 8). The court notes that the denial of this motion is without prejudice to re-filing. The court has yet to enter a scheduling order in this case, but Defendant HomeBridge may move for summary judgment again before the dispositive motions deadline that will be set by the court. Before filing another motion for summary judgment, the Defendant must obtain leave of court by showing that more discovery has been made or that a change in law has occurred which would alter the court's analysis.

**IV. Count IV – Fraudulent Misrepresentation**

The Magistrate Judge recommended dismissing the Plaintiff's fraudulent misrepresentation claim because, among other issues, the claim is based on a verbal loss mitigation agreement between the Plaintiff and Newrez to delay or forbear repayment of the HELOC loan or to modify the loan's terms. In her objections, the Plaintiff agrees with the Magistrate Judge's application of the Statute of Frauds but points out that her claim "is not based on seeking to enforce an oral loss-mitigation agreement or recover damages representing the benefit of such an agreement. Rather, Plaintiffs claim concerns an allegedly existing material fact and/or omission that induced a separate detrimental act- the dismissal of her bankruptcy proceeding." (Doc. 57 at 8). Plaintiff contends that she relied, at least in part, on the foreclosure-cancellation representation and assurances concerning loss mitigation when deciding to seek dismissal of her bankruptcy.

The Plaintiff's argument fails. The misrepresentation at the center of the Plaintiff's claim is an alleged verbal agreement between her and Newrez establishing that a loss mitigation option would be approved. The fraudulent misrepresentation claim hinges on the existence of this verbal agreement. That is impermissible under the Statute of Frauds. As the Magistrate Judge noted, "[w]ere the rule otherwise, the Statute of Frauds could be effectively avoided by the simple wording of the

complaint." *Holman v. Childersburg Bancorporation*, *Inc*., 852 So. 2d 691, 701 (Ala. 2002).[1]

In the alternative, the Plaintiff requests leave to amend to plead fraudulent suppression. The Plaintiff argues that the "ongoing loss-mitigation communications, assurances that 'everything was going to be repaired,' and the affirmative representation that the foreclosure was cancelled . . . may give rise to a duty to disclose that Defendants were planning to restart foreclosure proceedings." (Doc. 57 at 9). The Plaintiff did not present this request to the Magistrate Judge at any point in her briefing. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Also, as stated above, the court has already provided her an opportunity to amend. (*See* doc. 16 & 19).

Because Defendant HomeBridge failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** its objections

[1] The Plaintiff made a similar argument with respect to the breach of contract claim (Count III), and the court accepted it above. The reason the Plaintiff's argument prevailed above but does not prevail here is that the evidence of the verbal statement offered in support of the breach of contract claim was offered for the purpose of establishing interference by the Defendant in the Plaintiff's performance under the contract, which is not an element of the breach of contract claim; whereas, here, the evidence of the verbal agreement is necessary to establish the first element of the fraudulent suppression claim: a false representation. "[W]here . . . an element of a tort claim turns on the existence of an alleged agreement that cannot, consistent with the Statute of Frauds, be proved to support a breach-of-contract claim, the Statute of Frauds also bars proof of that agreement to support the tort claim." *Holman v. Childersburg Bancorporation*, *Inc*., 852 So. 2d 691, 701 (Ala. 2002). The Plaintiff does not have any other evidence to establish the false representation element; as explained in the recommendation, there is no evidence that Aldridge Pite's statement was false.

(doc. 55); the court **OVERRULES** the Plaintiff's objections (doc. 57). After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation (doc. 51) and **ORDERS** as follows:

1. The Defendants' motion for summary judgment (doc. 22) is **DENIED IN PART** and **GRANTED IN PART**. Specifically, the motion is **DENIED** as to the Plaintiff's breach of contract claim and **GRANTED** as to all remaining claims.

2. The Plaintiff's claims against Defendant Newrez are **DISMISSED** with prejudice and Defendant Newrez is dismissed from this action.

3. The Plaintiff's motion to set aside foreclosure deed and reinstate mortgage (doc. 28) is **DENIED**.

4. The Plaintiff's motion for equitable reinstatement under court supervision (doc. 39) is **DENIED.**

5. This action is **REFERRED BACK** to the undersigned for further proceedings on the remaining claim: Count III for breach of contract against Defendant HomeBridge Financial Services, LLC.

**DONE** and **ORDERED** on this the 1st day of September, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE